IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *ex rel*. **DEAUNTE ANDRE ERWIN,**<br><br>　　　　　　**Petitioner,**<br><br>　　v.<br><br>**RICK HARRINGTON, Warden, Menard Correctional Center,**<br><br>　　　　　　**Respondent.** | **Case No. 12 C 9454**<br><br>**Hon. Harry D. Leinenweber** |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Deaunte Andre Erwin's Petition for a Writ of *Habeas Corpus*. For the reasons stated herein, the Petition is denied and the Court declines to issue a Certificate of Appealability.

## I. BACKGROUND

Petitioner Deaunte Erwin (the "Petitioner") is incarcerated by the state of Illinois and is in the custody of Warden Rick Harrington (the "Respondent"). His incarceration stems from a murder and armed robbery that took place in 2003. Petitioner was convicted in a jury trial in state court in which the jury found that Petitioner discharged a firearm during the murder. Petitioner had made incriminating statements to law enforcement, and prosecutors introduced those statements at trial. The trial court sentenced Petitioner to twenty-five years for first degree murder,

an additional twenty years for personal discharge of a firearm during the murder, and another ten years for each of two armed robberies.

Petitioner pursued a direct appeal and a full round of post-conviction proceedings, all to no avail. The Illinois courts that heard Petitioner's claims all agreed with the trial court that Petitioner's confession was admitted properly. The state courts held that Petitioner had not been denied effective assistance of counsel at either his trial or direct appeal. Petitioner then brought this Petition for a Writ of *Habeas Corpus*.

## II. ANALYSIS

Petitioner's claims are based on ineffective assistance of both trial and appellate counsel and the trial court's failure to suppress an allegedly coerced confession. Respondent agrees that, with the exception of one ground within the ineffective assistance claim, Petitioner has exhausted his state court remedies for these claims because no state court avenues remain by which he may present them. In addition, none of these claims is barred by the statute of limitations or by non-retroactivity principles.

### A. Ineffective Assistance of Counsel

#### *1. Inadequate Cross-Examination*

Petitioner alleges that trial counsel neglected to conduct an adequate cross-examination of an assistant state's attorney about a timeline related to Petitioner's custodial request for counsel.

On direct appeal, Petitioner's appellate counsel raised this ineffective assistance ground, but then withdrew the allegation after concluding that the argument had no factual basis. Exs. E, F. Petitioner did not raise this argument in either of his post-conviction appellate briefs. *See,* Exs. K, M.

To present his case in federal court, a *habeas* petitioner must first assert his federal claim through one complete round of state-court review, either on direct appeal or in post-conviction proceedings. 28 U.S.C. § 2254(b)(1)(A). "Adequate presentation of a claim to the state courts requires the petitioner to present both the operative facts and the legal principles that control each claim." *Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009). Because appellate counsel withdrew this argument, Petitioner's claim fails this requirement and is barred procedurally.

Petitioner does not acknowledge this default and does not present any excuse for it. Petitioner could have argued that this Court's failure to review his claims would result in a "fundamental miscarriage of justice." *See, Patrasso v. Nelson,* 121 F.3d 297, 301 (7th Cir. 1997). This Court sees no apparent fundamental miscarriage of justice, and declines to make Petitioner's arguments for him. *See, Franklin v. Gilmore,* 188 F.3d 877, 884 (7th Cir. 1999). Petitioner's ground is defaulted and does not entitle Petitioner to *habeas* relief.

### *2. Failure to Request a Separate Verdict Form*

Petitioner argues that trial counsel should have requested that the trial court provide the jury with separate verdict forms, and that appellate counsel was ineffective for failing to make that argument on direct appeal. Respondent concedes that unlike Petitioner's argument as to inadequate cross-examination, Petitioner's separate jury form argument was presented adequately to the state court. Resp. Br. at 16-18; *see also,* Ex. K at 17.

The state court reviewed this claim and determined that Petitioner's trial and appellate counsel did not provide inadequate assistance. This Court cannot grant the writ unless the state's adjudication of the claim either:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The state appellate court set forth accurately the rule governing ineffective assistance of counsel: the petitioner must show that counsel's performance fell below an objective standard of reasonableness and that the deficiencies in counsel's performance resulted in prejudice. Ex. N at 7; *Strickland v. Washington,* 466 U.S. 668 (1984). The court noted that appellate courts reject

routinely the "separate verdicts" argument. Ex. N at 10. The court held that appellate counsel was not ineffective because counsel's failure to raise losing arguments was not unreasonable. *Id.* That state court decision was not "contrary to clearly establish federal law" because it applied the rule from *Strickland* accurately.

Nor was it unreasonable. As the Supreme Court has recognized, omitting losing arguments on appeal is a "hallmark of effective appellate advocacy." *Smith v. Murray,* 477 U.S. 527, 536 (1986). In addition, trial counsel's decision not to request separate verdict forms could have been strategic: providing the jury with two forms might have given the jury the idea to pick and choose rather than acquit outright, which would be inconsistent with counsel's theory that the government had failed to prove that petitioner was at the scene of the crime. The appellate court's decision finding that counsel was not ineffective was reasonable, and thus Petitioner is not entitled to *habeas* relief on this claim.

### 3. Mentioning a Lie Detector Test

Petitioner argues that trial counsel was ineffective for mentioning, in his opening remarks, that a police officer wanted Petitioner to take a lie detector test. Trial counsel explained in court that he intended to show that Petitioner was read his *Miranda* rights for the first time only when he requested a polygraph examination, which would have strengthened his argument that the

confession was coerced.  To show that counsel was ineffective, Petitioner must show that counsel's performance fell below an objective standard of reasonableness and that the deficiencies in counsel's performance resulted in prejudice.  *Strickland v. Washington,* 466 U.S. 668 (1984).

The state appellate court resolved this issue on *Strickland's* performance prong.  It pointed to

> an unequivocal statement of trial counsel's strategy, since [counsel] told the court he raised the issue to emphasize the length of time that passed after the arrest and before police informed Erwin of his constitutional right to remain silent and to have the help of an attorney.

Ex. N at 10-11.  Counsel deemed it important to try to undermine the confession, the strongest evidence against Petitioner.  By mentioning the polygraph test, counsel was following a sound strategy designed to provide the jury with context for the confession.

Because trial counsel was not ineffective, appellate counsel, who raised and vigorously litigated Petitioner's coerced confession claim on direct appeal, was not ineffective for failing to challenge trial counsel's reference to the lie detector test in the opening statements.  *Johnson v. Thurmer,* 624 F.3d 786, 793 (7th Cir. 2010) (because trial counsel was not deficient, appellate counsel was not ineffective for failing to raise those arguments

that were "comparably weaker" than the claims that appellate counsel did raise).

The appellate court's application of *Strickland* was not unreasonable, and this Court cannot grant *habeas* relief on this ground.

## B. Coerced Confession

### 1. Fourth Amendment

Petitioner appears to argue that his Fourth Amendment rights were violated when the authorities did not bring him before a magistrate until sixty-eight hours after his arrest, and that his confession should have been suppressed for this reasons. This argument cannot provide an independent basis for relief because Fourth Amendment claims are not cognizable on federal *habeas* review where the State has provided an opportunity for full and fair litigation of the claim. *Stone v. Powell,* 428 U.S. 465, 493-94 (1976). The state court heard Petitioner's arguments and rejected them. It found that there was no undue delay in bringing Petitioner before a magistrate, and concluded that suppression was not warranted on that basis. Ex. V at DD4-19. This surely was a full and fair litigation of the claim, and Petitioner does not contend otherwise. This ground for relief is barred.

### 2. Fourteenth Amendment

Petitioner argues that the circumstances of his interrogation and custody rendered his confession involuntary. He points to

allegedly coercive detention conditions.  He argues that he was forced to spend most of the forty-four hours following his arrest in an interrogation room, was interrogated intermittently by at least six different detectives and state's attorneys, received only two meals, and was forced to sleep two nights on a metal bench with no bedding.  Petitioner also argues that his family and friends were trying to contact him, and that he asked to speak with a lawyer long before he made any incriminating statements.  Petitioner posits that, under these circumstances, his confession was coerced, in violation of his Fourteenth Amendment right to due process.

The state court heard this claim on the merits.  Therefore, this Court's review of Petitioner's *habeas* claim is limited to whether that state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

The appellate court identified correctly that, in evaluating the voluntariness of a confession, the court considers the totality of the circumstances surrounding the confession.  Ex. A at 15; *Schneckloth v. Bustamonte,* 412 U.S. 218, 226 (1973).  The state court noted many of the relevant factors, which include the defendant's age, intelligence, education, experience, and physical condition at the time of the interview.  Ex. A at 15.  The state

court explained that features of the interrogation – including its duration, whether or not it was abusive, and whether or not it was accompanied by *Miranda* warnings – are relevant considerations as well. *Id.* The state court's decision was not "contrary to" clearly established Federal law because the court identified the correct test and the relevant factors. *Williams v. Taylor,* 529 U.S. 362, 405 (2000).

The state appellate court not only applied the proper rule, but also did so reasonably. The court undertook an exhaustive analysis of each of the factors. Ex. A at 15-19. For example, the court explained that, when he made the statement, Petitioner was a physically healthy, reasonably intelligent, and literate twenty-four year old adult with experience with law enforcement who could express himself and understand the circumstances of his custody. *Id.* The court noted that, several times, Petitioner was informed of his *Miranda* rights. *Id.* at 16. The interrogation was somewhat drawn out, but delays were justified by the complexity and severity of the crime under investigation, in addition to the fact that Petitioner himself was responsible for some of the delays. *Id.* at 18. Petitioner's factual assertions regarding allegedly inappropriate treatment conditions were uncorroborated and deemed not credible, a determination that this Court must respect. 28 U.S.C. 2254(d)(2).

Because the state court's resolution of this claim was not an unreasonable application of federal law, Petitioner's claim for *habeas* relief must be denied.

### III. CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. He has made such a "substantial showing" if "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Resendez v. Knight,* 653 F.3d 445, 446 (7th Cir. 2011). This Court's application of the procedural bars in 28 U.S.C. § 2254 and *Stone* is routine and beyond debate. The Court declines to issue a Certificate of Appealability.

### IV. CONCLUSION

For the reasons stated herein, the Petition for a Writ of *Habeas Corpus* is denied. The Court also declines to issue a Certificate of Appealability.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: 11/7/2013

Because the state court's resolution of this claim was not an unreasonable application of federal law, Petitioner's claim for *habeas* relief must be denied.

### III. CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. He has made such a "substantial showing" if "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Resendez v. Knight,* 653 F.3d 445, 446 (7th Cir. 2011). This Court's application of the procedural bars in 28 U.S.C. § 2254 and *Stone* is routine and beyond debate. The Court declines to issue a Certificate of Appealability.

### IV. CONCLUSION

For the reasons stated herein, the Petition for a Writ of *Habeas Corpus* is denied. The Court also declines to issue a Certificate of Appealability.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: 11/7/2013